1 F.3d 1234
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Murphy Glenn GRIFFIN, JR., a/k/a Flip, Defendant-Appellant.
 No. 92-5653.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 16, 1993.
Decided: July 30, 1993.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.
 Vernon F. Daughtridge, for Appellant.
 James R. Dedrick, United States Attorney, Jane H. Jolly, Assistant United States Attorney, Kristina L. Ament, UNITED STATES DEPARTMENT OF JUSTICE, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before NIEMEYER, HAMILTON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Murphy Glen Griffin, Jr., appeals the sentence he received after he was convicted of conspiracy to possess crack cocaine with intent to distribute, 21 U.S.C.A. Sec. 846 (West 1981 & Supp. 1993) and of distribution of crack cocaine, 21 U.S.C.A. Sec. 841 (West 1981 & Supp. 1993), 18 U.S.C. Sec. 2 (1988). He contends that the district court clearly erred in failing to award him a two-level decrease for being a minor or minimal participant in the offense. We affirm the sentence imposed by the district court.
 
 
 2
 Although other members of the conspiracy entered guilty pleas and testified against him at trial, Griffin maintained that he had no involvement in the offense even after his conviction, and declined an interview with the probation officer during preparation of the presentence report. The probation officer recommended a three-level increase in offense level for being a manager. In a written objection, Griffin maintained that he was not a manager, and deserved a fourlevel decrease under guideline section 3B1.2(a)* because he was a minimal participant.
 
 
 3
 At the sentencing hearing, the district court decided that there was no evidence to support an adjustment for an aggravated role. Griffin did not present evidence to show that he had a minor role, but instead continued to deny any involvement in the offense. A defendant who seeks a mitigating adjustment bears the burden of showing by a preponderance of the evidence that the adjustment is warranted. This means he must describe what his role was and demonstrate that he was less culpable than others. United States v. White, 875 F.2d 427 (4th Cir. 1989). A defendant cannot meet his burden of proof on this issue with a blanket denial of participation in the offense.
 
 
 4
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)